**Wilhelm (Willy) BOSCH, Plaintiff,**

v.

**William P. ROGERS, Attorney General, Defendant.**

**Civ. A. No. 4111-56.**

United States District Court
District of Columbia.

Feb. 2, 1959.

Robert H. Reiter, Washington, D. C., for plaintiff.

Dallas S. Townsend, Asst. Atty. Gen., James D. Hill, Walter T. Nolte, Robert J. Wieferich and James H. Falloon, Attys., Dept. of Justice, Washington, D. C., for defendant.

SIRICA, District Judge.

This is an action to recover certain property or the proceeds thereof amounting to about $23,000 which had been seized in 1950 as enemy property by the Attorney General as successor to the Alien Property Custodian. Plaintiff Wilhelm (Willy) Bosch now living in Stuttgart, Germany, brings the action under Section 9 of the Trading with the Enemy Act of 1917 [50 U.S.C.A.Appendix, § 9 (1952 Ed.)].

Upon consideration of all the evidence introduced at the trial, the Court makes the following findings of fact:

1. The plaintiff, Wilhelm (Willy) Bosch, was born in Hungary in 1879 and was by birth a German citizen.

2. In 1894, plaintiff left Europe and took up residence in the Republic of Haiti.

3. After several years of working for others, he engaged in business for himself in Haiti.

4. In 1928, plaintiff became a naturalized citizen of Haiti and thereafter he maintained this citizenship at all times until the present.

5. During the 1920's, plaintiff invested or caused to be invested certain sums

of money in stocks and bonds and opened a bank account within the United States. This property constitutes the subject matter of this litigation.

6. In the latter part of the 1920's, as a result of ill health, plaintiff was advised by physicians to leave the tropics and to obtain treatment abroad.

7. In 1930, plaintiff left Haiti and went to Stuttgart, Germany, where his sister was living. A room at 51 Tuebingerstrasse, Stuttgart, was obtained for plaintiff and this has been his principal place of abode ever since.

8. Soon after Hitler's rise to power in the early 1930's, a regulation was put into effect that required all aliens who remained in Germany for more than six consecutive months to place their assets at the disposal of the German government. From this time until Germany went to war in 1939, plaintiff made frequent trips outside of Germany so as to avoid staying in that country for longer than six consecutive months.

9. During the years plaintiff spent in Europe, he was advised by his physicians not to return to the tropics because of the condition of his health.

10. During the years 1939 to 1945 when Germany was at war, plaintiff retained the above place of abode in Stuttgart except for an absence between July, 1944 and May, 1946 during which time he was at Wildbad, Germany, because of bomb damage to his residence. At all times since May, 1946 plaintiff has lived at 51 Tuebingerstrasse, Stuttgart.

11. Due to the failure of his business interests in Haiti, during the 1930's, plaintiff gradually became dependent upon his sister in Stuttgart for his support. It does not appear from the evidence that plaintiff engaged in employment other than odd jobs or that he voted or took part in other political activity in Germany during the time he has spent there.

12. During the period in which a state of war existed between the United States and Germany, there is insufficient evidence to prove that plaintiff made bona fide attempts to leave Germany or that his state of health was too poor to permit him to leave or that local laws or war conditions made it impossible for him to give up his residence within that country.

13. In March, 1951, plaintiff filed a timely Notice of Claim to the above property and, after an administrative hearing on the merits, the claim was denied in a decision of the Director of the Office of Alien Property dated July 2, 1956.

## Conclusions of Law

1. This court has jurisdiction over this cause by reason of 50 U.S.C.A.Appendix § 9 (1952 Ed.)

2. Under this section, the plaintiff who has brought an action against an officer of the United States to recover property, title to which has been vested in that officer, has the burden of proof to establish all the elements of his cause of action.

3. The plaintiff has established two of the elements required, that is, that he had filed a Notice of Claim within the time provided for by the Act and that he has title or sufficient interest in the property to institute this action.

4. During the entire period of time relevant to this action, plaintiff retained his citizenship in the Republic of Haiti.

5. From the time the United States and Germany went to war on December 11, 1941 and during the entire period of the war, plaintiff was a voluntary resident of Germany.

6. Therefore, plaintiff during the entire period of hostilities between this country and Germany was a voluntary resident within the territory of a nation with which the United States was at war and thus falls into the category of an "enemy" within the meaning of 50 U.S.C.A.Appendix § 2.

7. As an "enemy", plaintiff does not have the right to the return of his property under the provisions of the Trading with the Enemy Act (50 U.S.C.A.Appendix, § 9).